DECISION
This matter was tried without a jury on March 24, 2008. Plaintiff C A Trucking and Landscape Materials, LLC, (hereinafter "Plaintiff") and defendant John Rocchio Construction, hereinafter ("Defendant") had done business for a time, entering into a contract in late 2002 or early 2003. Plaintiff was to provide trucking services on an as-needed basis for various construction sites operated by defendant. Plaintiff received $50.00 per hour and would send defendant invoices indicating the dates of service and the amount due.
Eight invoices for services provided sent by plaintiff to defendant between October 23, 2004 and December 10, 2004 remain unpaid. The invoices total $9,617.50. Defendant acknowledges owing $1,562.50 re two of those invoices (Shippee Town Road Work); $1,175.00 re three other invoices (Woonsocket Water Main Work); and $425.00 on one more invoice (Las Brias work site). The total acknowledged is $3, 162.50.
Total invoices: $9,617.50
Defendant acknowledges 3,162.50
Owing $6,455.00
 *Page 2 
The bone of contention, $6,455.00 represents what plaintiff alleges it is owed for trucking services provided at the Fast Track Coventry work site. Defendant contends plaintiff is due and owing $2,115.00 for the Fast Track site.
Alfred DiPrete, part owner of plaintiff with his wife, testified that he and defendant had a lease for the rental of property whereby defendant could store material on plaintiff's property. Rent became in arrears in the amount of $1,600.00. Plaintiff denied that he ever prevented defendant from accessing plaintiff's property. The asphalt/concrete stored by defendant is still on plaintiff's property. Witness DiPrete testified it is basically raw material and worth $2 — $3 per yard. When defendant failed to pay the rent, plaintiff testified the relationship ended. The witness denied that a request was made for certified payroll records and states that that particular issue did not become a topic until a year or so ago.
Under cross-examination, witness DiPrete stated that he had approximately 4 drivers, full and part time. He testified he was unaware of any obligation to pay prevailing wages. He stated that although he put defendant's loader in plaintiff's garage, he did not deny defendant access. He acknowledged, however, that the State Police came and told him to give it back.
Cathleen DiPrete, part owner and bookkeeper of plaintiff, testified that plaintiff was never required to provide a certified payroll and has never worked on any prevailing wage projects notwithstanding that plaintiff has worked on snowplowing and state highway projects for Cardi Construction. She stated that she had "never heard" of prevailing wage projects until the week before trial.
John Rocchio, President of defendant, testified that the material remaining on plaintiff's property is processed gravel from defendant's job sites and worth $10/yard or $4,900.00. He stated that when he obtained access to plaintiff's property he took the loader and departed. He *Page 3 
left the material there, and once defendant was out of the area work-wise, the material lost its value to him. The business relationship between plaintiff and defendant ended then and there.
Witness Rocchio stated he never requested certified payroll records because he did not think they were required if plaintiff's trucks were owned and operated by plaintiff. He did not learn the pay was less than the prevailing wage until one of the drivers mentioned it to him. He testified that he lost the use of the loader for a day at a $700.00 rental cost and incurred a $340.00 expense for a four hour low bed move.
Each of these witnesses was compelling. Unfortunately, there was a failure of communication and cooler heads did not prevail. The Court finds that the fair preponderance of the evidence dictates as follows:
The $1,600.00 unpaid rent will be added to the amount in contention which will then be reduced by the $700.00 loader rental cost, the $340.00 low bed cost and $2,450.00 representing one half of the alleged value of the material.
$6,455.00 Bone of contention
+1,600.00 Rent in arrears
$8,055.00
- 700.00 Loader rental
$7,355.00
- 340.00 Low bed cost
$7,015.00
-2,450.00 Value of material
$4,565.00

Judgment for plaintiff in the amount of $4,565.00.